IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY A WALL JR.,<br>                    **Plaintiff,**<br><br><br>        **v.**<br><br><br>**TARGET CORPORATION,**<br>                    **Defendant.** | **CIVIL ACTION**<br><br><br><br><br><br>**NO.  26CV482** |

## MEMORANDUM OPINION

On May 24, 2023, Plaintiff Anthony A. Wall got into an altercation with another shopper at Defendant Target Corporation's King of Prussia store.  Verbal threats and exchanges ensued. The police were called.  They issued a citation against Wall which was eventually dropped.

On June 30, 2025, Wall brought suit against Target in the Court of Common Pleas of Montgomery County, Pennsylvania (the "First Action").  Wall's complaint in the First Action did not clearly identify the legal claims or causes of action under which he sought relief.  Based on the nature of the pleadings, however, the Complaint appears to have asserted claims for negligent security—a form of premises liability—and negligent infliction of emotional distress. This characterization is further supported by Wall's own labeling of the action as one for "premises liability."  Target timely removed the First Action to this Court.  On September 17, 2025, this Court dismissed that action without prejudice due to insufficient service of process.

On December 4, 2025, Wall filed a second action in the Court of Common Pleas of Montgomery County, Pennsylvania (the "Second Action"), arising from the same occurrence. Wall's complaint in the Second Action, nearly identical to his complaint in the First Action, likewise does not clearly identify the legal claims or causes of action under which he seeks relief. Again, however, based on the nature of the pleadings, the Complaint appears to assert claims for

1

negligent security and negligent infliction of emotional distress.  Target again timely removed the action to this Court.  Before the Court is Target's motion to dismiss Wall's Complaint from the Second Action pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

Target contends that Wall's Complaint is barred by the statute of limitations and therefore fails to state a claim upon which relief can be granted.  It is correct.

A complaint must be dismissed pursuant to Rule 12(b)(6) where, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  Thus, dismissal under Rule 12(b)(6) is appropriate where the complaint is barred by a dispositive issue of law, including the statute of limitations.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

Federal courts adjudicating state-law claims apply the forum state's statute of limitations. *See Stephens v. Clash*, 796 F.3d 281, 289 (3d Cir. 2015).  Under Pennsylvania law, negligence and premises-liability claims are subject to a two-year statute of limitations.  42 Pa. C.S. § 5524(2), (7); *Childs v. Fitness Int'l LLC*, 2023 WL 3594180, at *3 (E.D. Pa. May 22, 2023). That limitations period began to run here on May 24, 2023, the date of Wall's altercation at Target.  *See Moore v. McComsey*, 459 A.2d 841, 844 (Pa. 1983) ("The general rule is that the statute begins to run from the time the negligent act is done.").  Wall filed this action on December 4, 2025, more than two and a half years later.  The action therefore falls outside the applicable statute of limitations.

Wall first argues that the filing of the Second Action should relate back to the filing of

the First Action.  But the relation-back doctrine applies only to amended pleadings filed within the same case.  *See Wolk v. Westport Ins. Corp.*, 2010 WL 3156527, at *2 (E.D. Pa. Aug. 9, 2010) ("[T]he Third Circuit Court of Appeals has not permitted relation back where, as here, the related claim was filed in a separate lawsuit and was not an 'amendment to a pleading.'"); *U.S. ex rel. Malloy v. Telephonics Corp.*, 68 F. App'x 270, 273 (3d Cir. 2003) ("Rule 15(c) does not permit a complaint filed in one civil action to relate back to a complaint filed in a separate civil action."); *see also* Fed. R. Civ. P. 15(c) ("An *amendment* to a pleading relates back to the date of the original pleading . . .") (emphasis added).  Because Wall filed a separate, new action, his Complaint in the Second Action does not relate back to the complaint filed in the prior action.

Wall next requests equitable tolling of the statute of limitations.  "Pennsylvania law determines whether equitable tolling applies to its statute of limitations."  *Oldham v. Pennsylvania State Univ.*, 138 F.4th 731, 752 (3d Cir. 2025).

He first contends that the limitations period should be tolled because he did not suffer symptoms from Target's alleged misconduct until "approximately fourteen weeks after the alleged injury occurred."  Even accepting that argument, adding fourteen weeks to the May 24, 2023 accrual date would move the start of the limitations period only to approximately early September 2023.  Wall's December 4, 2025 filing would still fall outside the two-year limitations period.

Wall next asserts that Target purposefully concealed S.C.'s identity.  Under Pennsylvania law, the fraudulent-concealment doctrine tolls the statute of limitations where, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry."  *Janson v. Estes*, 2025 WL 2079069, at *6 (E.D. Pa. July 22, 2025) (quoting *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 248 (Pa. 2021)).  To toll the statute of limitations

based on fraudulent concealment, "the defendant must have committed some affirmative independent act of concealment upon which the plaintiff[ ] justifiably relied." *Leonard v. City of Pittsburgh*, 570 F. App'x 241, 245 (3d Cir. 2014) (quotation omitted).  The burden of proving fraudulent concealment, by evidence that is "clear, precise and convincing," rests with the party asserting it.  *Rice*, 255 A.3d at 248 (quoting *Molineux v. Reed*, 532 A.2d 792, 794 (Pa. 1987)) (cleaned up).

Wall argues only that he "begged the Defendant for information regarding his attacker," including S.C.'s name.  But Wall does not explain how Target's alleged concealment of S.C.'s identity prevented him from filing suit against Target.  Without such an explanation, Wall has not met his burden to show that fraudulent concealment tolled the limitations period.

Finally, Wall argues that the statute of limitations should be tolled because of his "severe mental incompetence," which allegedly caused "[s]leep disturbance, nightmares, severe depression, brain fog, avoidance behavior, anxiety, tearfulness, flashbacks, guilt, irritability, isolation, fragmented thought patterns."  But it is well-established, under Pennsylvania law, that psychological issues "including mental incompetency, do[] not toll the running of the statute of limitations." *Kreider v. Philhaven Adolescent Inpatient Treatment Ctr.*, 2014 WL 1395061, at *2 (E.D. Pa. Apr. 9, 2014), *aff'd*, 592 F. App'x 59 (3d Cir. 2014); *Baily v. Lewis*, 763 F. Supp. 802, 808 (E.D. Pa.), *aff'd*, 950 F.2d 721 (3d Cir. 1991), and *aff'd*, 950 F.2d 722 (3d Cir. 1991) ("[C]ourts applying Pennsylvania law have consistently stated that the statute of limitations runs against persons under a disability, including one who is mentally incompetent."). 42 Pa. C.S. § 5533 provides that, "[e]xcept as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter." 42 Pa. C.S. § 5533(a).  Wall identifies no statutory exception that would extend the limitations period here,

4

and the Court has found none.  Equitable tolling on grounds of mental incompetence is therefore unwarranted here.

Accordingly, because Wall's Complaint was filed outside the applicable statute of limitations, the Complaint shall be dismissed with prejudice pursuant to Rule 12(b)(6).[1] [2]

An appropriate order follows.

BY THE COURT:

S/ WENDY BEETLESTONE

_____

WENDY BEETLESTONE, C.J.

---

[1] Because Target's motion is granted under Rule 12(b)(6), the Court need not address Target's arguments under Rule 12(b)(5).  *See Gary v. Pennsylvania Hum. Rels. Comm'n*, 2012 WL 931082, at *1 n.2 (E.D. Pa. Mar. 20, 2012), *aff'd*, 497 F. App'x 223 (3d Cir. 2012) ("Because Defendants' motion will be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), this Court need not address Rule 12(b)(5)."); *Stuler v. United States*, 2008 WL 957009, at *2 n.2 (W.D. Pa. Apr. 8, 2008), *aff'd*, 301 F. App'x 104 (3d Cir. 2008) ("The Court notes that since the case can be resolve[d] pursuant to Rule 12(b)(6), it need not address the Government Defendants' 12(b) (1) and 12(b)(5) arguments.").

[2] Wall also appears to invoke "Pennsylvania's Savings Statute."  Wall does not identify a particular statute, but the Court assumes he refers to 42 Pa. C.S. § 5535(a).  Section 5535(a)(1) provides that, "[i]f a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may . . . commence a new action or proceeding upon the same cause of action within one year after the termination."  42 Pa. C.S. § 5535(a)(1).  But that provision does not apply to "[a]n action to recover damages for injury to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another."  42 Pa. C.S. § 5535(a)(2)(i).  Because this action seeks damages for injuries allegedly caused by Target's negligence, Section 5535(a)'s savings provision does not apply.